Green, J.
delivered the opinion of the court.
This is an ’action of assumpsit, for money paid and expended for the defendants. The defendants pleaded in abatement, that before the commencement of this suit, one John Johnson filed his attachment bill in the chancery court at Dresden, *655 against Johnson and Brigham, the plaintiffs in this action, and against these defendants, alleging that said Johnson and Brigham were indebted to him in the sum of $331, were residents of Louisiana, and that said complainant was a resident of Kentucky, and further alleging that the defendants were indebted to said Johnson and Brigham in about the sum of three hundred dollars: — whereupon he prayed an attachment, &c., and that a decree be made, that said sum due from these defendants, to said Johnson and Brigham, be paid to said complainant. The attachment prayed for was regularly issued, and said debt attached in the hands of these defendants; and said bill was pending and undetermined when this writ was sued out to recover the same debt demanded in the said bill:— wherefore they pray that said writ be quashed. To this plea the plaintiffs replied, that before the said bill was filed, and before the jftat for an attachment was issued, the debt for which this action was brought, had been assigned over, and transferred to the said Calvin D. Venable, for a full, fair and valuable consideration, and the equitable interest thereto was vested in him. To this replication the defendants demurred, which demurrer was sustained by the court, and the plaintiffs appealed to this court. There is no doubt but that the pendency of an attachment bill against the same parties who are plaintiff and defendant in the action at law, for the recovery of the same debt sued for at law, may be pleaded in abatement of the action at law subsequently brought. The case of Embree & Collins vs. Hanna, 5 Jh. Rep. 101, is in point,, and fully sustained this position assumed by the defendant’s counsel. But in the case before the court, the suit is brought in the name of Johnson and Brigham for the use of C. D. Venable. Venable, therefore, is the real plaintiff, beneficially interested, and has a right to use the name of the persons in whom the legal interest is vested, to recover his debt. Venable is liable for costs; *656 and if the nominal plaintiffs die before judgment, the suit does not abate. These provisions of our statutes, we think, constitute. Tenable so far a party, as to authorize him to protect his interest by the replication in this case. There is no question, but that if he fairly purchased this debt, for a valuable consideration before the attachment bill was filed, he is equitably entitled to it in preference to the complainant in that suit. And the defendants in this suit are in no danger of being compelled to pay this money twice. They can easily defend themselves by filing a cross bill, and making Venable a party; and if the transfer to him be merely colorable, he may be enjoined from prosecuting this suit, and the complainant in the bill can have a decree for the money. But if the transfer were fair, for a valuable consideration, Venable is entitled to the money.
Reverse the judgment, and remand the cause.